In re: SYSTEM 99, a California Corporation, Debtor.

DELTA TRAFFIC SERVICE, INC., a Texas Corporation, and SYSTEM 99, a California Corporation, Appellants, v. LAS VEGAS FERTILIZER CO., a Nevada Corporation, Respondent.

No. 22321

February 23, 1993                    847 P.2d 741

---

[5]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.

[6]The Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in the place of The Honorable Thomas L. Steffen, Justice. Nev. Const. art. 6, § 4.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City; and *Miles L. Kavaller,* Beverly Hills, California, for Appellants.

*Law Offices of John & Elizabeth Foley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

System 99, a common motor carrier, operated both interstate and intrastate within Nevada. System 99 performed its Nevada operations pursuant to a certificate of public convenience and necessity issued by the Nevada Public Service Commission ("PSC").

In November 1985, System 99 filed a voluntary petition to reorganize under Chapter 11 of the Federal Bankruptcy Code. In April 1987, this was converted to a Chapter 7 liquidating bankruptcy.

Delta Traffic Service, Inc. ("Delta") is an assignee of System 99. In May 1986, the bankruptcy court approved an agreement between System 99 and Delta which authorized Delta to collect some of System 99's accounts receivable. The agreement permitted Delta to issue balance due bills and collect upon them once Delta determined that shippers paid System 99 less than its filed tariff rates required.

Between August 1984 and June 1985, System 99 hauled freight for Las Vegas Fertilizer ("LVF") between Las Vegas and destinations in northern Nevada. System 99 and LVF had negotiated shipping rates less than the tariff rates System 99 had on file with the PSC. The difference between the rate LVF actually paid and the filed tariff rate is $18,120.65.

The bankruptcy court found that the rate LVF paid System 99 was reasonable and had been negotiated and paid in good faith. Most importantly, the court found that the rate had not been filed with the PSC.

United States Bankruptcy Court Judge Linda B. Riegle successfully requested the United States District Court to certify the following question to this court:

> Whether a common carrier may collect the difference between the published tariff and the rate charged for intrastate shipment of goods if the rate charged was negotiated and paid in good faith. Stated alternatively, will Nevada apply the "Filed Rate Doctrine" to the intrastate shipment of goods?

I. *"Whether a common carrier may collect the difference between the published tariff and the rate charged for intrastate shipment of goods if the rate charged was negotiated and paid in good faith."*

This question asks whether a common carrier may bring a private cause of action against a shipper to recover the difference between the rate the carrier charged the shipper for service and the carrier's filed tariff rate.

The plain language of Chapter 706 does not permit a carrier to bring a private cause of action against a shipper to enforce the provisions of Chapter 706. Except where otherwise provided by statute, only the PSC may enforce the provisions of Chapter 706.

The legislature has provided the PSC with a variety of means to encourage compliance with Chapter 706. In addition, NRS 706.766 specifically provides that a civil penalty may be levied against a carrier for failing to comply with its filed tariff rates.

Perhaps most dramatically, NRS 706.626 permits the revocation of a carrier's license "[f]or reasonable cause." More importantly, the legislature has provided that all of the above-mentioned remedies are cumulative, and the election of one does not preclude the use of any or all of the others. NRS 706.631. We conclude that these remedies preempt a private cause of action to enforce Chapter 706.

Therefore, the query, "Whether a common carrier may collect the difference between the published tariff and the rate charged for intrastate shipment of goods if the rate charged was negotiated and paid in good faith," insofar as it asks whether a carrier has a private cause of action to enforce its filed tariff rate, is hereby answered in the negative.

II. *"Will Nevada apply the 'Filed Rate Doctrine' to the intrastate shipment of goods?"*

Perhaps the most succinct statement of the filed rate doctrine was made by the United States Supreme Court in Louisville & Nashville R. Co. v. Maxwell, 237 U.S. 94 (1915):

> Under the Intrastate Commerce Act, the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed.

237 U.S. at 97. Simply put, a shipper is required to pay, and a carrier is required to collect, the carrier's rates as filed in its tariff.

To resolve the question now before us, we need only review the legislative scheme set forth in Chapter 706 of the Nevada Revised Statutes. Chapter 706 focuses on the regulation and licensing of motor carriers. Especially relevant to our inquiry are NRS 706.311 through 706.781.

For example, NRS 706.351(1) prohibits a motor carrier from providing service for a rate less than the carrier's filed tariff rate unless the shipper is statutorily exempt from paying the filed rate. A commercial shipper such as LVF is not entitled to a reduced or discounted rate under NRS 706.351.

Furthermore, NRS 706.756 provides criminal penalties, not only for carriers which violate provisions of Chapter 706, but for shippers as well.[1] In addition, NRS 706.771 permits the PSC to seek substantial fines from a carrier for violating its tariff rate.

We have determined that as a whole, Chapter 706 codifies the filed rate doctrine. The law in Nevada clearly requires carriers to charge, and shippers to pay, the rate the carrier has on file with

---

[1]NRS 706.756 provides in part:

1. Except as otherwise provided in subsection 2, any person who:

. . . .

(h) Knowingly offers, gives, solicits *or accepts* any rebate, concession or discrimination in violation of the provisions of this chapter;

. . . .

is guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $100 nor more than $1,000, or by imprisonment in the county jail for not more than 6 months, or by both fine and imprisonment.

(Emphasis added.)

the PSC. Thus, we answer the query "Will Nevada apply the 'Filed Rate Doctrine' to the intrastate shipment of goods?" in the affirmative.

Accordingly, we advise the United States District Court that although Nevada has adopted the filed rate doctrine, under Chapter 706 of the Nevada Revised Statutes Delta has no standing to bring a private cause of action against LVF for its failure to pay System 99 according to its filed tariff rates.[2]

---

[2]The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.